the plaintiff, 19th December, 1846, for one-half of the thirty-three and one-third acres. It is objected that the deed was made to Morgan, a citizen of another state, merely to give jurisdiction to this court. The money with which Frink purchased the land, he borrowed, which, it appears, was afterward paid by Morgan, at or before the time the deed was made to him. This should have been pleaded to the jurisdiction of the court, but it is not made to appear that there was any intention to commit a fraud on the jurisdiction of the court, and the objection is overruled. To show an outstanding title, the defendants offered in evidence a deed from John L. Bogardus to Bigelow and McClure, for the thirty-three acres and ninety-three hundredths, dated the 5th August, 1834. This deed was proved before the clerk of the court, by proof of the hand writing of the subscribing witness, and of the grantor.

The act of Illinois (Rev. St. 1845, p. 107, § 20) requires the officer who takes the acknowledgment of the grantor, or proof of the execution of the deed by a subscribing witness, to state that the grantor or witness is personally known to him. The certificate to the proof of this deed does not contain a statement that the witness who proved the deed was personally known to him, and this defect is fatal to the proof of the deed. Parol evidence was then called by which the signature of the grantor was proposed to be proved, proof having been given that the subscribing witness had left the country, and had not been seen or heard from for fourteen years. To this evidence, the plaintiff objected until proof of the hand writing of the witness was made.

The court said the order of proof was a matter resting in the discretion of the court. That proof of the hand writing of the party was esteemed more satisfactory than that of the witness. Valentine v. Piper, 22 Pick. 90. In Jackson v. Waldron, 13 Wend. 178, 183, 196, 197, proof of the hand writing of the obligor was held not regularly to be offered, unless the party was unable to prove the hand writing of the witnesses. And such is the decision of a majority of the cases on this point. But judges seem to have so decided because it had previously been so decided, without any inquiry as to the reason of the decision. Under this view, however, the proof is admissible, as the witness has left the country, and it does not appear that his hand writing can be proved. The evidence is admitted.

The act of Illinois, 3d March, 1845 [Rev. St. Ill. 1845, p. 102], provides, where a deed purports to convey a fee simple estate when the grantor has only an equity, he shall, on acquiring the legal estate, be considered as holding it in trust for the grantee. It appears that on the 4th of August, 1832, Bogardus applied for the pre-emption of this land to the register of the land office, for the land in question, which was granted. And

that on the 15th November, 1837, he entered the land and purchased it. The conveyance to Bigelow and McClure was as follows: "I do hereby bargain, grant, sell and convey unto the said Bigelow and McClure, their heirs and assigns forever, two undivided third parts of all my right, title and interest in and unto the land, etc., and I do hereby covenant with the said Bigelow and McClure, that if at any time hereafter, I shall acquire an additional title to the said lot of land, the same shall enure to them in proportion to the interest hereby conveyed to them." On the 5th of August, 1834, Bogardus conveyed his right and interest in the whole of the land, to Isaac Underhill. These titles having been given by Bogardus before the emanation of the patent, under his claim of a pre-emption are objected to by the plaintiff as void under the law. The 3d section of the act to grant pre-emptions, of the 29th of May, 1830, provides, "that all assignments and transfers of the right of pre-emption given by this act prior to the issuance of patents, shall be null and void." This act was continued in force by the act of the 14th of July, 1832, on the same subject.

It is argued that the above act of the 29th of May, 1830, only declared the pre-emption right should not be assigned so as to obtain a right of purchase. We suppose after emanation of the patent, we can not go behind it, and examine into the assignments. And the court instructed the jury, that the deeds given in evidence to show an outstanding title, and thereby defeat a recovery by the plaintiff, did constitute an outstanding title.

Verdict for the defendant. Judgment, etc.

[NOTE. The case was taken, by the plaintiff, to the supreme court, on a writ of error. Upon examination, the transcript of the record was found to be imperfect, and, continuing the case, a certiorari was issued to this court to supply the omission, and furnish a full and correct record at the opening of the next term of the court. 19 How. (60 U. S.) 8. This being done, at a subsequent date the supreme court affirmed the judgment of this court, with costs. 20 How. (61 U. S.) 1.]

MORGAN (DIBBLE v.). See Case No. 3,881.

## Case No. 9,800.

### MORGAN v. EVANS.

[2 Cranch, C. C. 70.] [1]

Circuit Court, District of Columbia. April Term, 1813.

PLEADING AT LAW—STATUTE OF LIMITATIONS—ISSUABLE PLEA—WHEN TO BE PLEADED.

The defendant has a right to plead the statute of limitations, at the first term after office judgment; it being an issuable plea.

Mr. Taylor, for defendant, at the last term, which was the first term after office judgment, moved to plead the statute of

[1] [Reported by Hon. William Cranch, Chief Judge.]

limitations, and cited the 28th section of the Virginia statute of 12th December, 1792, which enacts that an office judgment may be set aside if the defendant, "at the succeeding court, shall plead to issue immediately." Downman v. Downman's Ex'rs, 1 Wash. [Va.] 28; 1 Chit. Pl. 505, 506; Rucker v. Hannay, 3 Term R. 124; Maddocks v. Holmes, 1 Bos. & P. 228; Willet v. Atterton, 1 W. Bl. 35, and Stadholme v. Hodgson, 2 Term R. 390.

THE COURT (nem. con.) having taken time to consider, admitted the plea, being of opinion that, as it was an issuable plea, and offered at the first term after office judgment, the court had no discretion.

---

## Case No. 9,801.

### MORGAN v. GRAHAM.

[1 Woods. 124.] [1]

Circuit Court. D. Louisiana. April Term, 1871.

STATES—ACTION TO RESTRAIN OFFICERS FROM ISSUING BONDS—COMMON INJURY—ADMINISTRATION OF GOVERNMENT.

1. A tax payer, who is liable to be assessed for the public taxes that will be necessary to pay the state debt and interest thereon, cannot maintain a private suit against the state officers to prevent them from executing and issuing bonds which the legislature has unconstitutionally authorized and required to be issued.

2. It is a general rule that an individual cannot maintain a private suit for an injury which he sustains in common with every other citizen.

3. The proper administration of the government in its several departments cannot be enforced by private actions brought by any tax payer or voter interested in the good government of the country.

Bill in equity heard on motion for injunction.

Miles Taylor, for complainant.
John A. Campbell, for defendant.

BRADLEY, Circuit Justice. In this case a citizen of New York, who is a tax payer of Louisiana, files his bill to restrain the governor of the state and other state officers from executing and issuing certain state bonds which the legislature has, by a special act, authorized and required them to issue. The grounds for the injunction are: 1. That the amendment of the state constitution, recently adopted, provides that prior to the 1st of January, 1890, the debt of the state shall not be so increased as to exceed twenty-five millions of dollars; and the state debt already exceeds that sum. 2. That the objects for which the bonds are to be issued are not such as the legislature has any constitutional authority to aid. The bonds are a donation to the New Orleans, Mobile and Chattanooga Railroad Company; and the legislature has no power to make such donations.

The bill assumes that a tax payer, who is liable to be assessed for the public taxes that will be necessary to pay the state debt and interest thereon, can maintain a private suit to prevent the state officers from executing and issuing bonds which the legislature has unconstitutionally authorized and required to be issued. I do not think that such a suit can be maintained. It is a general rule that a man cannot maintain a private suit for an injury which he sustains in common with every other citizen. To allow such actions would promote endless litigation. Every dissatisfied person in the community would institute an action for his supposed grievance. Public officers would be subjected to intolerable prosecution. They would be so harassed thereby, that no competent person would be willing to enter upon any office of general importance. It is not in this way that the public officers are to be called in question for a dereliction of their official duties. The proper administration of the government in its several departments cannot be enforced by private actions brought by any tax payer or any voter interested in the good government of the country. Without attempting to decide what remedy other than the force of public opinion, and liability to impeachment, may exist for the wrong which the complainant supposes is about to be committed; whether the bonds that may be issued will be void in the hands of the holders thereof; or whether the donee company may not hereafter be compelled to disgorge the money it may receive therefrom; it is sufficient to say in deciding this case that the complainant does not show any title to the relief which he seeks. The injunction must be denied, and the bill dismissed with costs.

NOTE. The proposition, that a particular individual cannot sue for a grievance which affects the entire public as well as himself, is sustained by the following cases: Doolittle v. Supervisors of Broome, 18 N. Y. 155; Roosevelt v. Draper, 23 N. Y. 318; Hale v. Cushman, 6 Metc. (Mass.) 425. But consult People v. Supervisors of Westchester Co., 57 Barb. 377; Hanlon v. Supervisors of Westchester Co., Id. 383.

---

MORGAN (HAMPDEN BANK v.). See Case No. 6,008.

MORGAN (HUBBARD v.). See Case No. 6,817.

---

## Case No. 9,802.

### MORGAN v. ILLINOIS & ST. L. BRIDGE CO.

[5 Dill. 96; [1] 7 Cent. Law J. 311; 6 Rep. 707.]

Circuit Court. E. D. Missouri. 1878.

NEGLIGENCE — DANGEROUS EXCAVATION — INJURY TO CHILD—BURDEN OF PROOF—DAMAGES.

1. The railway tunnel connecting the union depot in St. Louis with the Illinois and St. Louis

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]